UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| RASHEED AMIN, | : | Civil Action No. 11-3312 (JBS) |
| Petitioner, | : | |
| v. | : | **MEMORANDUM OPINION** |
| EVELYN DAVIS, et al., | : | |
| Respondents. | : | |

**SIMANDLE, Chief Judge:**

1.  Petitioner filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging a judgment of conviction entered in the Superior Court of New Jersey, Cape May County, on April 3, 2008.  (Dkt. 1.)

2.  By Order entered August 5, 2011, this Court ordered Respondents to file and serve an answer and relevant portions of the state court record.  (Dkt. 4.)

3.  On September 1, 2011, Respondents filed an Answer and exhibits from the state court record, which Respondents erroneously docketed as "Amended Complaint against Rasheed Amin." (Dkt. 8.)  Respondents did not file a certification of service of same upon Petitioner.

4.  On July 25, 2012, Petitioner filed a motion for an order to compel Respondents to comply with the Order entered August 5, 2011.  Petitioner also filed a proof of service, proposed form of order, and his certification supporting the motion.  (Dkt. 9.)

In his certification, Petitioner Amin asserts: "Since November 2011 I have written respondents letters requesting that they answer my habeas corpus petition. I have never received any answers to my letters." (Id. at 5-6.)

5. Respondents did not respond to Amin's motion.

6. Habeas Rule 5 expressly requires a § 2254 respondent to file an answer, when so ordered, and to attach to the answer relevant transcripts and other documents from the underlying state court record. See 28 U.S.C. § 2254 Rule 5. The Advisory Committee's Note to Habeas Rule 5 states that, although Habeas Rule 5 does not indicate who the answer is to be served on, "it necessarily implies that it will be mailed to the petitioner (or to his attorney if he has one)." Advisory Committee's 1976 Notes on Habeas Rule 5.

7. This Court finds that Habeas Rule 5 required Respondents to serve the Answer and the exhibits filed with the Answer on Petitioner.

8. Habeas Rule 11 provides that the Federal Rules of Civil Procedure, "to the extent that they are not inconsistent with these rules, may be applied, when appropriate to petitions filed under these rules." 28 U.S.C. § 2254 Rule 11. Rule 10(c) of the Federal Rules of Civil Procedure provides that "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes," and Rule 5(a) requires service of

every pleading subsequent to the original complaint, as well as all papers filed with the court, upon all parties not in default.

9.   This Court further finds that the Federal Rules of Civil Procedure required Respondents to serve the Answer and exhibits upon Petitioner.

10.   At least two circuits have held that the Habeas Rules and the Rules of Civil Procedure require respondents in a § 2254 case to serve the answer and exhibits upon petitioners.  See Sixta v. Thaler, 615 F.3d 569, 569 (5th Cir. 2010) ("We conclude that the applicable procedural rules require the respondent in a § 2254 proceeding to serve both the answer and any exhibits attached thereto on the habeas petitioner, and we therefore do not reach the constitutional question presented"); Thompson v. Greene, 427 F.3d 263, 269 (4th Cir. 2005) ("Thus, the applicable rules mandate that an answer in a habeas corpus proceeding [under § 2254], along with all of its exhibits, must be served on a petitioner").[1]

11.   In Pindale v. Nunn, 248 F. Supp. 2d 361 (D.N.J. 2003), this Court held "that service of the documents filed with and

---

[1] The Fourth Circuit further opined:  "The constitutionality of the Habeas Rules would be placed in serious question if they were read to exempt habeas corpus proceedings from the general service requirements . . . .  Similarly, to read the Habeas Rules as permitting a respondent to file exhibits that he fails to serve upon a habeas corpus petitioner would essentially allow him to communicate ex parte with the court, contrary to one of the basic tenets of our adversary system."  Thompson, 427 F.3d at 269 n.7.

attached to an answer is required by Habeas Rule 5; moreover, even if service were not explicitly required by Habeas Rule 5, Rules 12(a) and 5(a) of the Federal Rules of Civil Procedure apply to § 2254 cases through Habeas Rule 11[], and compel this result." Id. at 367.

12.  Because Habeas Rule 5, as well as the Federal Rules of Civil Procedure, require service of the Answer and exhibits filed with the Answer upon Petitioner, this Court will grant Petitioner's motion and direct Respondents to file the Answer and exhibits, and to serve on Petitioner hard copies of the Answer and exhibits filed with the Answer.

13.  This Court will also extend Petitioner's time to file a reply to the Answer until 45 days after he receives it.

14.  An appropriate Order accompanies this Memorandum Opinion.


 s/ Jerome B. Simandle
**JEROME B. SIMANDLE**
Chief Judge


Dated:   **November 19, 2012**

4